IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CYNTHIA FISHER; ESTHER "FAYE"                                   PLAINTIFFS
PAYTON; EDWARD WILLIAMS;
MACEDONIA MISSIONARY BAPTIST
CHURCH; ROBERT ZELLNER; AND
FRANCELIA CLAIBORNE

VERSUS                               CIVIL ACTION NO.: 1:23cv265 TBM-RPM

CITY OF OCEAN SPRINGS, MISSISSIPPI                      DEFENDANTS

### DEFENDANT, CITY OF OCEAN SPRINGS, MISSISSIPPI'S, MOTION TO STRIKE PLAINTIFFS' SURREPLIES [Doc. 24] & [Doc. 26]

COMES NOW the Defendant, City of Ocean Springs, Mississippi (hereinafter "City" or "Defendant"), by and through counsel of record, and files this, its Motion to Strike Plaintiffs' Surreplies [Doc. 24] & [Doc. 26], and in support thereof, would show unto the Court as follows:

1. Defendant filed its Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. 18] and its Memorandum in Support [Doc. 19] on December 11, 2023.

2. Plaintiffs filed their Response in Opposition to Defendant's Motion [Doc. 20] and their Memorandum [Doc. 21] on December 19, 2023.

3. Without seeking leave of this Court, Plaintiffs thereafter filed their first "Notice of Supplemental Authority" [Doc. 24] on January 24, 2024.

4. Defendant filed its Reply to Plaintiffs' Response [Doc. 25] on January 26, 2024.[1]

5. Thereafter, and again without seeking leave of this Court, Plaintiffs filed their Second Notice of Supplemental Authority [Doc. 26] on February 22, 2024.

---

[1] Defendant sought additional time to file its Reply by first filing its Unopposed Motion for Additional Time [Doc. 22], which was granted via Text Only Order.

6.    Plaintiffs' supplemental filings, [Doc. 24] & [Doc. 26], violate several Uniform Local Rules of this Court. First, Plaintiffs' filings are out of the time allowed under L.U. Civ. R.7(b)(4), which mandates that "respondent must, **within fourteen days** after service of movant's motion and memorandum brief, file a response and memorandum brief…." L.U. Civ. R.7(b)(4) (emphasis added). Plaintiffs' first Notice of Supplemental Authority [Doc. 24] was filed forty-four (44) days after Defendant's Motion [Doc. 18] and Memorandum [Doc. 19]. Plaintiffs' Second Notice of Supplemental Authority [Doc. 26] was filed seventy-three (73) days after Defendant's Motion [Doc. 18] and Memorandum [Doc. 19].

7.    Second, Plaintiffs' notices [Doc. 24] and [Doc. 26] further violate Local Uniform Civil Rule 7(b), which does not contemplate the allowance of such a "supplemental notice" filing. Plaintiffs' filings effectively serve as surreplies, which this Court has explicitly disfavored, stating:

> Local Uniform Civil Rule 7(b) does not contemplate the filing of a sur-reply or sur-rebuttal. "The purpose of having a motion, response, and reply is to give the movant the final opportunity to be heard, and to rebut the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Info-Power Int'l, Inc. v. Coldwater Tech., Inc.*, No. 3:07-CV-0937-P, 2008 WL 5552245, at *8 (N.D. Tex. Dec. 31, 2008) (emphasis in original) (quotation omitted). "Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Ward v. American Red Cross*, No. 3:13-CV-1042-L, 2013 WL 2916519, at *1 n.* (N.D. Tex. June 14, 2013). "[S]urreplies are heavily disfavored by courts." *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 Fed. Appx. 749, 751 n.2 (5th Cir. 2014) (quotation omitted).

*United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, No. 1:06CV433-HSO-RHW, 2014 WL 12713070, at *1 (S.D. Miss. Oct. 24, 2014).

8.    Finally, Plaintiffs' filings, [Doc. 20], [Doc. 21], [Doc. 24], and [Doc. 26], violate the page limitation set forth under L.U. Civ. R.7(b)(5).

9. Thus, Plaintiffs have given no credence to the local rules of this Court and have shown a continued attempt to inappropriately "have the last word". Accordingly, Defendant seeks that this Court strike from the record Plaintiffs' untimely, excessive, and inappropriate filings [Doc. 24] and [Doc. 26] from the record.

10. Because of the straightforward nature of this Motion to Strike, Defendant requests that the requirement of a contemporaneous memoranda be waived pursuant to L.U. Civ. R.7(b)(4).

WHEREFORE, PREMISES CONSIDERED, Defendant, City of Ocean Springs, Mississippi, respectfully requests this Honorable Court strike Plaintiffs' supplemental notices from the record and for all additional and appropriate relief.

Respectfully submitted, this the 27th day of February, 2024.

                                        CITY OF OCEAN SPRINGS, MISSISSIPPI,
                                        *Defendant*

                                        */s/ Robert W. Wilkinson*
BY:   _____
                                        ROBERT W. WILKINSON

Robert W. Wilkinson (MSB #7215)
Will R. Norman (MSB #105713)
Anthony R. Liberato (MSB #105959)
Wilkinson, Williams, Bosio & Sessoms, PLLC
734 Delmas Avenue (39567)
Post Office Box 1618
Pascagoula, MS 39568-1618
Telephone: (228) 762-2272
Facsimile: (228) 762-3223
rwilkinson@wwbslaw.com
wnorman@wwbslaw.com
aliberato@wwbslaw.com